

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2009

# USA v. Fisher

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2314

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Fisher" (2009). 2009 Decisions. Paper 1538.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1538

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2314
_____

UNITED STATES OF AMERICA

v.

OMAR FISHER,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 05-cr-00401)
District Judge: Honorable Legrome D. Davis

_____

Submitted Under Third Circuit LAR 34.1(a)
on March 27, 2009

Before:  RENDELL, AMBRO, and JORDAN, Circuit Judges.

(Filed April 16, 2009)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Omar Fisher appeals from the denial of his motion to suppress evidence after his

conviction by a jury of possession of cocaine with intent to distribute, and various

firearms offenses, including possession of a firearm in furtherance of a drug trafficking crime.

Fisher contends that his parole officer, Agent Cue, lacked the "reasonable suspicion" necessary to justify the search of his house, where contraband – drugs and money – were discovered.[1]  We disagree.

The District Court reviewed the facts known to Cue at the time of the search. These included, first, his having observed Fisher driving a new car while Cue knew that Fisher was largely unemployed; second, Fisher's speeding away when Cue attempted to pull him over, knowing he did not have a driver's license; and third, Cue's observation of a "thousand dollar stack" – a thousand dollars in cash wadded and wrapped in a rubber band – in Fisher's possession when Fisher emptied his pockets upon reporting to Cue's office a few days after his flight in the car.  Fisher said he brought the money so as to have money "on the books" if he was arrested.

Cue acted on his suspicion that Fisher was violating his parole and authorized a search of Fisher's house.  The search resulted in the discovery of two firearms, numerous packages of crack cocaine, and over $13,000 in cash wrapped in rubber bands.  The agents then applied for a state warrant to search the residence, and seized the evidence.[2]

---

[1]Because Fisher was on parole and had agreed to warrantless searches as a condition to his release, "reasonable suspicion," without need for a warrant or "probable cause," was required.  Fisher does not urge a different standard.

[2] The government also justifies the search on the alternative basis of the good faith exception to the warrant requirement but, like the District Court, we need not reach this issue.

The District Court applied a "totality of the circumstances" analysis to the determination as to whether there was reasonable suspicion for the search, requiring a "particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002)( internal citations omitted).  It engaged in a thorough review of the facts before Agent Cue and concluded:

> In its totality, this combination of events operated to create a reasonable suspicion, amply supported by objective and particularized facts, as to the source of money in defendant's possession.  The unemployed do not walk around with in excess of eleven hundred dollars in their pockets, packaged in the signature manner of the drug trade.  Defendant's explanation was implausible in light of the assurances the agent previously provided defendant.  Moreover, a person in full compliance with the terms of parole is unlikely to sped [sic] away from his supervising parole officer unless flight is necessary to conceal improper behavior.  Certainly, when viewed through the eyes of an experienced parole officer, these events create a reasonable suspicion as to defendant's activities.  Agent Cue was responsible for defendant's rehabilitation and, should rehabilitation prove unsuccessful, with protecting the community.  In light of these twin responsibilities, when confronted with this multitude of incongruent events, a series of events which create, rather than alleviate, supervisory concerns, the agent was obligated to conduct further investigation.  Such is the nature of parole.

(Order denying defendant Omar Fisher's Motion to Suppress Evidence; District Court Docket No. 24, dated 5/4/06 (entered 5/10/06), at page 8.)

On appeal, Fisher characterizes Cue's mindset as no more than a "hunch," and urges that Cue was merely a parolee officer, not an experienced officer or expert in

3

narcotics trafficking.   We do not accept either characterization.  To the contrary, Cue had five years' experience supervising parolees such as Fisher and was trained to detect possible parole violations, as he did here, based on his knowledge and experience. Similarly, the facts known to him provided him with more than a hunch.  Indeed they compelled the conclusion that Fisher had unexplained resources, very likely to be explained by a connection to some illegal activity, most likely drugs.

We commend the District Court for its thorough analysis, with which we agree. Accordingly, we will AFFIRM the Judgment and Commitment Order of the District Court.